IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 17 A 9:42

UNITED STATES OF AMERICA,

vs.

NATHANIEL SALERY,
Defendant.

USDC DKT NO.: 94-62-N

2:06CV 40-MHT

MOTION FOR A MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT OR IN THE ALTERNATIVE MOTION TO STAY AND ABEYANCE(To Preserve recent rulings by the United States Supreme Court: U.S. v. BOOKER; 125 S.Ct 738(2005, and BLAKELY v. WASHINGTON, NO. 02-1632(2004), FANFAN, or other appropriate remedy))SEE: DODD v. U.S.(2005)162 L.Ed.2d 343

COMES NOW, Nathaniel Salery, defendant, pro se, and submits this pleading/motion for a Modification of an Imposed term of Imprisonment, or in the alternative, preserves, BOOKER, FANFAN & BLAKELY, recent rulings in the U.S. Supreme Court.

(1) JURISDICTION:

The district court has jurisdiction pursuant to Title 18 USC, §§3231, 3582(c)(2).

(2) STATEMENT OF THE ISSUE:

WHETHER THE DEFENDANT'S SENTENCE IS AN ILLEGAL SENTENCE BASED UPON THE FACT THAT THE SENTENCE WAS ENHANCED BY FACTORS/ELEMENTS WHICH WAS NEITHER PRESENTED TO A JURY NOR STIPULATED IN A WRITTEN PLEA AGREEMENT?

(3) ENHANCEMENTS: The petitioner was sentence pursuant to the provisions of §848-CCE. However, the jury's verdict stated Count one-conspiracy, §846. The court sentenced based upon the selection of the government, Ct.2-CCE. The jury's verdict did not show that the jury found the petitioner committed three predicate offense. The court found the predicate offense. This violated BOOKER & BLAKELY**

(4) The defendant has no objection to the unsealing of the PSI in the instant case. Defendant believe the PSI will enhance the Court's review of the issue presented.

(5) <u>REASON WHY ORDER SHOULD ISSUE</u>:

The defendant/petitioner, was sentence pursuant to the USSG and statutory law. The U.S.S.G., Act of 1984, which stated the U.S.S.G "mandatory" and effective, November 1, 1987. **MANDATORY PROVISION: Titles 18 U.S.C., §§ 3553(b)(1),..., and §3742(e).** However, in recent opinions in the United States Supreme Court the Court stated that the United Sentencing Guidelines were not constitutional. Further, the Supreme Court ruled that a sentence based upon factors not stipulated in a written plea agreement, or not found in a jury verdict violated a defendant Sixth Amendment right. SEE: UNITED STATES v. BOOKER, 125 S.Ct. 738 (2005); BLAKELY v. WASHINGTON, NO. 02-1632.

The defendant/petitioner **believe the cited caselaws are controlling and binding cases by the Supreme Court.** Thus, the defendant/petitioner contends that his sentence is an illegal sentence imposed in violation of law based upon the fact that the manner in which the district court sentenced the defendant has been declared unconstitutional.

<u>JUDICIAL NOTICE</u>: Rule 201...(f), Fed.R.Evid., the defenant'petitioner has previous preserved APPRENDI.

The Sixth Amendment, U.S. Constitution right to a jury trial is a right which cannot be disregarded by the court. In the instant case the court allowed the government to select the charge in which the defendant was sentenced, and the court found the required predicate conviction, not the jury, in which to support the government's selection. These actions violated the Supreme Court's opinions, Booker, Blakely.

2

RETROACTIVITY:

Neither the Supreme Court, nor the eleventh Circuit have addressed the retroactivity of **Blakey and Booker** in the context of a collateral proceeding; however, the defendant believe the Supreme Court's opinion, **SCHRIRO v. SUMMERLIN**, 542 U.S. ___, 124 S.Ct. 2519 (2004), is essentially dispositive. also see: **RING v. ARIZONA**, 536 US 584, 122 S.Ct. 2428 (2002). Thus, the defendant/petitioner believe, Booker and Blakely come within the purview of the Supreme Court's opinion in Schriro v. Summerling.

WHEREFORE, the defendant believe, justice so requires the court to grant the relief requested should this court believes it has the discretionary and equitable powers to rule on the retroactivity of Booker and Blakely, or in the alternative, preserve the defendant's right.

DATED: 10/January/2006.

_Nathaniel Salery_

CC: U.S. Attorney
    ATTN: _____,

3

Case No.94-62-N

** Defendant has been incarcerated ( Life ±) since February 14, 1994, and Request a Review and correction of the sentence imposed. The sentence should be in accordance with the Recent Supreme Court's opinions, cited.

In the instant case the District Court should apply the Review standards set Forth in the Supreme court's Remedial opinion, Booker, Farfan & Blakely, Violation of the Sixth Amendment. The court's Review should focuses on whether the error in the sentence imposed in the instant case comes within the Perview," Plain-error." TEST.

Wherefure, all Premises considered, defendant Respectfully move for this Honorable Court to enter this pleading, and order:

(a) Reopening Defendant's above said case.

(b) Reviewing Defendant's sentence, Life-Plus...

(c) Granting unto Defendant any and all further

Relief for a fair and just dispositon of this

case-End of Justice.

Dated: /0 January 2006.

*[signature: Nathaniel ...]*

# CERTIFICATE OF SERVICE

Pursuant to the penalty of perjury, I avers, Titles 28 USC, §1746, and U.S.C. §1621, a true and correct copy of the foregoing "Motion for a Modification of Sentence, ..., preserve BOOKER, U.S. has been mailed postage prepaid and sealed in a properly addressed envelope to:

Office of the Clerk
UNITED STATES DISTRICT COURT
Middle District of Alabama
P.O. Box 711
Montgomery, AL 36101-0711

Done this 10 day of January, 2006.

Nathaniel Salery, #09306-002
U.S.P., Atlanta
P.O. BOX 150160
Atlanta, Ga  30315

CC: U.S. ATTORNEY

Page #1 of 1