IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv40-MHT |
| | ) | WO |
| NATHANIEL SALERY | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion for Modification of an Imposed Term of Imprisonment or in the Alternative Motion to Stay and Abeyance*," filed by federal inmate Nathaniel Salery ("Salery") on January 10, 2006 (Doc. # 1).[1] Salery challenges the prison sentence imposed in 1995 following his conviction for engaging in a continuing criminal enterprise, distribution of cocaine base, and aiding and abetting the possession with intent to distribute cocaine base. For the reason now discussed, the court concludes that he is not entitled to any relief.

**I. DISCUSSION**

Salery contends that because his 1995 sentence was enhanced based on facts not found by the jury, it violates the recent holdings in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). *See*

---

[1] Although Salery's motion is date stamped "received" on January 17, 2006, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, January 10, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*Motion* (Doc. # 1) at 1. He asserts that this court has jurisdiction to entertain his motion to modify his sentence pursuant to 18 U.S.C. § 3231, which confers general jurisdiction upon the district courts of all offenses against the United States, and 18 U.S.C. §3582(c)(2), which authorizes a district court to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission. Presumably, Salery cites the latter statute in the belief that the remedial holding of *Booker* – that the Sentencing Guidelines must be considered as advisory rather than mandatory – constitutes a lowering of the sentencing range such as to allow the district court to determine whether a reduction of his sentence (imposed pre-*Booker*) is warranted under § 3582(c)(2). The Eleventh Circuit, however, has held that because "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission," *Booker* is "inapplicable" to motions under § 3582(c)(2). *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Therefore, Salery fails to show that § 3582(c)(2) provides a basis for him to seek a sentence reduction.

The claims asserted by Salery in his motion attack the fundamental legality of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on

successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Salery seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. Thus, this court construes his present pleading as a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*. This is the second § 2255 motion filed by Salery attacking his 1995 sentence. This court denied his initial § 2255 motion, filed on February 22, 2000, deciding all claims adversely to Salery. *See United States v. Salery*, Case No. 2:94cr62-MHT - Doc. # 1618 - *20 May 2000 Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of 6 Jun. 2000, Doc. # 1623).

A second or successive § 2255 motion in the district court requires the movant first

3

to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Salery has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Salery's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept.*

---

[2]Salery asserts that the holdings in *Booker* and *Blakely* should be applied retroactively to his case. *See Motion* (Doc. # 1) at 3. However, the Eleventh Circuit has held that neither *Booker* nor *Blakely* is retroactively applicable to cases on collateral review. *See In re Anderson*, 396 F.3d 1336 (11th Cir. Jan. 21, 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004). Thus, in addition to the "successive motion" bar on which this Recommendation is based, Salery cannot prevail on the merits of his substantive claims. Salery also cites, without elaboration, the recent Supreme Court case of *Dodd v. United States*, ___ U.S. ___, 125 S.Ct. 2478 (2005). *See Motion* (Doc. # 1) at 1. In *Dodd*, the Supreme Court stated that a petitioner has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file a § 2255 motion pursuant to ¶ 6(3) of that statute. *See Dodd*, 125 S.Ct. at 2482. However, the Supreme Court held that a petitioner cannot take advantage of this date unless the other conditions of this statute are also met; i.e., the right must be newly recognized *and* must have been made retroactively applicable to cases on collateral review. *Id*. Thus, any reliance by Salery on *Dodd* is misplaced, as *Booker* and *Blakely* are not retroactively applicable to cases on collateral review. *See In re Anderson*, *supra*, and *In re Dean*, *supra*.

*of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Salery on January 10, 2006, be denied and this case dismissed, as Salery has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 13, 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 27th day of February, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE