IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 16 A 10:00

UNITED STATES OF AMERICA,

V.

NATHANIEL SALERY,
    Defendant.

CIVIL ACTION NO. 2:06cv40-MHT
WO

DEFENDANT'S OBJECTION TO MAGISTRATE'S REPORT & RECOMMENDATION

COMES NOW, Nathaniel Salery, defendant, pro se, and pursuant to Title 28 U.S.C., Section 636 ..., and Rule 72 ..., Fed.R.Civ.P, submits defendant's objection to the Magistrate's R & R.

(1) OBJECTION:

The defendant contends that the Magistrate's recommendation based upon the argument that the motion is a second or successive motion pursuant to Sec. 2255, is erroneous.

IN SUPPORT OF THIS PREMISE THE DEFENDANT STATES AS FOLLOWS:

(2) The United States Supreme court has ruled: "the exercise of Discretion Cannot be permitted to stand if we find it rests upon "an error of Law."
AGOSTINI v. FELTON, 521 US 203, 238, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997)

In the instant case the defendant contends that the district court's decision which allowed the U.S. Attorney to decide the count in which the court based its sentencing of the degfendant is a clear "error of Law" which the district court has the discretionary and equitable powers to correct in the absence of authority - review in the appellate court.

Thus, the issue that justice requires the district court to address in its review of the issue presented is derived from the defendant's premise that his sentence is an illegal sentence.

<u>ISSUE</u>: The defendant is arguing that the district court denied the defendant a full and fair sentencing hearing based upon the fact that the government was allowed to supplement the general verdict of the jury.

In a recent U.S Supreme court's Opinion the Court stated" ..." a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Sections 2244 (b), 2255, Fed. R.Civ. Proc, Rule 60(b), 28 U.S.C.,

Thus, the defendant believe, the issue presented comes within the purview in which the U.S. Supreme Court stated the standard. SEE: GONZALEZ v. CROSBY, 545 US ___ (2005). ALSO SEE: US v. WINE-STOCK, 340 F.3d 200 (4th cir. 2003)

The Magistrate's premise that the motion is a second or successive motion should not be affirmed.

A review of the defendant recent petitions submitted show the defendant has argued that his sentencing hearing was not a full and fair proceeding due to the fact that the government was allowed to select a sentencing count, not the jury's verdict. The district court has not ruled on the merit of this issue which is the basis of the instant motion.

The recharacterization of the defendant's motion as a second or successive motion is erroneous. The argument therein comes within the purview of Rule 60(b)(6).

Long ago, and recently, the U.S. Supreme court has ruled that Rule 60(b)(6) "permits reopening when the movant show any ... reason justifying relief from the operation of the judgment." LILJEBERG v. HEALTH SERVICES ACQUISITION CORP., 486 US 847, 863, n 11, 100 L.Ed.2d 855, 108 S.Ct. 2194 (1988); KLAPPROTT v. US, 335 US 601, 613, 93 L.Ed.2d 266, 69 S.Ct. 384 (1949); GONZALEZ, (2005), 162 L.Ed.2d 480.

<u>DODD v. U.S.(2005) 162 L.Ed.2d343</u>: Dodd requires a defendant to request the benefit of a recent U.S. Supreme Court's Opinion regardless of whether the court has ruled on the retroactive status. Thus, the defendant has preserved the right to request relief should the U.S. Supreme Court issue an opinion that BOOKER is retroactive for cases on collateral review.

**WHEREFORE,** The defendant believe, justice so requires the District Court to conduct a de novo review of the issue presented and issue a justice decision.

DATED: 13th-MARCH-2006.

_____
Nathaniel Salery

CC: U.S. Attorney. ATTN: _____, AUSA

#3